The Honorable Booker T. Clemons State Representative 3408 So. Virginia Street Pine Bluff, AR 71601-7395
Dear Representative Clemons:
You have presented the following questions for my opinion:
 (1) May the City of Pine Bluff levy and collect an additional 1% tax pursuant to A.C.A. § 26-75-602(b) without prior approval by the city's voters in an election?
 (2) Are the funds collected from the additional 1% tax levied pursuant to A.C.A. § 26-75-602(b) to be paid into the city's advertising and promotion fund or segregated into a separate fund for parks and recreation?
 (3) If the funds collected must be paid into the advertising and promotion fund, is the city's advertising and promotion commission required to forward the funds to the city's parks and recreation commission for promotion and development of the city's parks and recreation facilities, or are the funds collected subject to the exclusive control of the advertising and promotion commission?
 (4) If the funds collected are subject to the exclusive control of the city's advertising and promotion commission, what legal means does the city have to ensure that the additional gross receipts tax collected under the authority of A.C.A. § 26-75-602(b) actually are expended to promote and develop the city's parks and recreation facilities?
You state that the City of Pine Bluff has enacted a gross receipts tax, pursuant to A.C.A. § 26-75-602(a), of 2% on items listed in A.C.A. §26-75-602(c)(2), and 3% on items listed in A.C.A. § 26-75-602(c)(1). You further state that the City's Regional Park is in excess of 1,000 acres in size as required by A.C.A. § 26-75-602(b).
RESPONSE
Question 1 — May the City of Pine Bluff levy and collect an additional 1% tax pursuant to A.C.A. § 26-75-602(b) without prior approval by the city's voters in an election?
It is my opinion that an election is not required in order for the City to levy and collect an additional 1% tax pursuant to A.C.A. §26-75-602(b).
The provisions of A.C.A. § 26-75-602 state:
 (a) Any city of the first class, city of the second class, or incorporated town may, by ordinance of the governing body thereof, levy a tax not to exceed three percent (3%) upon the gross receipts or gross proceeds identified in subsection (c) of this section.
 (b) Any city of the first class in which is located a city park of one thousand (1,000) acres or more may, in a like manner, levy an additional tax of one percent (1%) upon the gross receipts or gross proceeds identified in subsection (c) of this section. Revenues collected from this additional tax shall be used by the city parks and recreation department for the promotion and development of city parks and recreation areas.
 (c) The tax authorized in this subchapter shall be upon any one (1) or more of the following, as specified in the levying ordinance:
 (1) The gross receipts or gross proceeds from renting, leasing, or otherwise furnishing hotel, motel, or short-term condominium rental accommodations for sleeping, meeting, or party room facilities for profit in such city or town, but such accommodations shall not include the rental or lease of such accommodations for periods of thirty (30) days or more; and
 (2) The portion of the gross receipts or gross proceeds received by restaurants, cafes, cafeterias, delicatessens, drive-in restaurants, carry-out restaurants, concession stands, convenience stores, grocery store-restaurants, and similar businesses as shall be defined in the levying ordinance from the sale of prepared food and beverages for on or off-premises consumption, but such tax shall not apply to such gross receipts or gross proceeds of organizations qualified under section 501 (c)(3) of the federal Internal Revenue Code.
(d) [Repealed.]
A.C.A. § 26-75-602.
Unlike other statutes that authorize the levy of taxes, the above-quoted statute does not include a requirement that the taxes that are levied under its authority be approved by the electorate. For example, such a requirement is stated in the general taxation provisions that apply to cities. More specifically, A.C.A. § 26-73-103(a) states:
 (a) In addition to all other authority of local governments to levy taxes provided by law, any county, acting through its quorum court, or any municipality, acting through its governing body, may levy any tax not otherwise prohibited by law. However, no ordinance levying an income tax authorized by this subchapter or any other tax not authorized shall be valid until adopted at a special or general election by the qualified electors of the city or in the area of the county where the tax is to be imposed, as the case may be.
A.C.A. § 26-73-103(a) (emphasis added). Another example of a statutorily required election for the levy of municipal taxes is the gross receipts tax authorized for certain cities by A.C.A. § 26-75-701. The election requirement is stated in A.C.A. § 26-75-702.
The statute from which the above section [A.C.A. § 26-73-103(a)] is quoted goes on to clarify that its various requirements (which would include the requirement of an election) do not affect taxes that are enacted pursuant to A.C.A. § 26-75-601 et seq. The pertinent section states:
 (f) Nothing in this subchapter shall terminate, repeal, or otherwise affect a gross receipts tax on the receipts derived from hotels, motels, and restaurants located within any city levied under the provisions of § 26-75-601 et seq.
A.C.A. § 26-73-103(f) (emphasis added).
It should also be noted that A.C.A. § 26-75-602 formerly included a provision that specified that taxes levied under its authority were subject to referendum under Amendment 7, if a stated number of signatures were collected on a referendum petition. That provision [which was stated in Subparagraph (d)], was repealed by Act 931 of 1995. Although a court may find that a levying ordinance enacted pursuant to the authority of this statute may be subject to an Amendment 7 referendum, this history of the statute nevertheless indicates that an election was never a statutory condition for the initial levy of taxes under this statute, as it is under other statutes.
For all of the above-stated reasons, I conclude that an election is not required in order for the City to levy and collect an additional tax pursuant to A.C.A. § 26-75-602(b).
Question 2 — Are the funds collected from the additional 1% tax levied pursuant to A.C.A. § 26-75-602(b) to be paid into the city's advertising and promotion fund or segregated into a separate fund for parks and recreation?
It is my opinion that if any part of the proceeds of the tax levied pursuant to A.C.A. § 26-75-602(b) are pledged for the repayment of bonds, as authorized by A.C.A. § 26-75-606(b)(1) and A.C.A. § 26-75-613(a)(2), they must be deposited in the city advertising and promotion fund. However, if no part of these tax proceeds have been pledged for the repayment of bonds, they must be segregated into a special fund to be used for city parks.
This question is explicitly addressed by the provisions of A.C.A. § 26-75-604(b) and (c). The statute, in full, states:
 (a) All taxes, interest, penalties, and costs collected pursuant to a tax levied by the city as authorized in this subchapter shall be credited to the city advertising and promotion fund which shall be created by the ordinance levying the tax in the city.
 (b) When the electors of any city levy a gross receipts tax on hotels and restaurants, and the ballot dedicates the tax for the development, construction, and maintenance of city parks, the proceeds of the tax shall not be deposited into the city advertising and promotion fund but shall be deposited into a special fund to be used for the development, construction, and maintenance of city parks. The funds shall be disbursed by the mayor upon approval of the city council.
 (c) When the electors of any city levy a gross receipts tax as set forth in subsection (b) of this section, and when the electors of that city have pledged some or all of the proceeds thereof to the repayment of bonds as set forth in § 26-75-606 (b)(1) and (2) or § 26-75-613
(a)(2), the proceeds so pledged shall be deposited in the city advertising and promotion fund and distributed by the city advertising and promotion commission in accordance with the pledge and enactment of the electors.
A.C.A. § 26-75-604.
Under the plain language quoted above, the determining factor as to the disposition of the proceeds of the tax levied under the authority of A.C.A. § 26-75-602(b) will be whether any part of the proceeds were pledged for the repayment of bonds.
Question 3 — If the funds collected must be paid into the advertising and promotion fund, is the city's advertising and promotion commission required to forward the funds to the city's parks and recreation commission for promotion and development of the city's parks and recreation facilities, or are the funds collected subject to the exclusive control of the advertising and promotion commission?
It is my opinion that if the tax proceeds are not pledged for the repayment of bonds and are therefore deposited into a special fund for city parks, the mayor has ultimate authority for the disbursement of the funds, with the approval of the city council. This authority is granted in A.C.A. § 26-75-604(b), quoted above. Again, the pertinent sentence states: "The funds shall be disbursed by the mayor upon approval of the city council." The statute does not provide for the proceeds to be forwarded to the city's parks and recreation commission.
If some or all of the tax proceeds are pledged for the repayment of bonds and are therefore deposited into the advertising and promotion fund, in accordance with A.C.A. § 26-75-604, the advertising and promotion commission has ultimate authority over the disbursement of the funds. This authority is granted in A.C.A. § 26-75-604(c), quoted above. The pertinent sentence states: "[T]he proceeds so pledged shall be deposited in the city advertising and promotion fund and distributed by the city advertising and promotion commission in accordance with the pledge and enactment of the electors."
Question 4 — If the funds collected are subject to the exclusive control of the city's advertising and promotion commission, what legal means does the city have to ensure that the additional gross receipts tax collected under the authority of A.C.A. § 26-75-602(b) actually are expended to promote and develop the city's parks and recreation facilities?
The statute does not address this question specifically. However, all activities of the advertising and promotion commission will be subject to legislative audit, pursuant to the provisions of A.C.A. § 10-40-201 etseq., and the commission's record-keeping must comply with the requirements imposed by the Legislative Auditor's appointed Director of the Division of Local Affairs and Audits. See A.C.A. § 10-4-203.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General